418133

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOYCE LABOSSIERE

VS.                                                                                    CA NO:  18-

CHARTERCARE HEALTH PARTNERS Alias In Its Capacity as Plan Administrator of the Employee Term Life, Accidental Death and Dismemberment and Dependents Terms Life Coverage for Employees of CharterCARE Health Partners, Alias,  EMPLOYEE TERM LIFE, ACCIDENTAL DEATH AND DISMEMBERMENT AND DEPENDENTS TERMS LIFE COVERAGE FOR EMPLOYEES OF CHARTERCARE HEALTH PARTNERS, Alias, and UNITED HEALTHCARE INSURANCE COMPANY d/b/a Uniamerica Insurance Company Alias

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

NOW COMES  the Plaintiff, Joyce Labossiere by her attorney, Mark B. Morse,  and sets forth the following:

### JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 et seq., and particularly Section 510 (20 U.S.C. §1140), 20 U.S.§ 1104 *et seq.*, and all other applicable provisions of the Act to redress the termination of her Long-Term Disability Benefits, which was done pre textually and with the purpose of interfering with a right to which she was entitled under an employee benefit plan.   All acts alleged have occurred within the State of Rhode Island and within this judicial district.

### THE PARTIES

1. Plaintiff is a citizen of the United States of America and resides at 27 Reservoir Avenue Manville RI 02838.   At all times material hereto, Plaintiff has been an employee of CharterCARE Health Partners, Alias (hereinafter the Employer)  located at 5 200 High Service Avenue, North Providence, RI 02904-5113 since on or about November 24, 2008 as a respiratory therapist.

418133

2. The Employer is a corporation authorized to do business in the State of Rhode Island and operated medical facilities and hospital at various locations throughout the State of Rhode Island and the United States.

3. The Employer is an employer within the meaning of ERISA.

4. The Employer maintains an employee benefit plan known as the "Employee Term Life, Accidental Death and Dismemberment and Dependents Terms Life Coverage for Employees of CharterCARE Health Partners, Alias," (herein the Plan) and is the plan sponsor of the Plan within the meaning of ERISA.

5. Defendant CharterCARE Health Partners (herein Plan Administrator), is the Plan Administrator of the Plan within the meaning of ERISA.

6. Defendant United Healthcare Insurance Company otherwise known, or doing business as Uniamerica Insurance Company, Alias (hereinafter United Healthcare) is a corporation engaged in the business of insurance with a principal place of business in Minnetonka, MN, and which is authorized to do business in the State of Rhode Island.

FACTUAL ALLEGATIONS

7. At all times material hereto, and since at least 2008, the Employer and the Plan Administrator caused United Healthcare to have issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

8. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

9. The Plan Administrator administers the Plan through the aforesaid policy purchased from United Healthcare.

10. By virtue of the relationship with the Employer, the Plan Administrator and United Healthcare jointly administer the Plan.

11. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. '1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

13. On or about April 17, 2013 Plaintiff sustained substantial injuries.

14. Since on or about April 17, 2013, Plaintiff has been diagnosed with various debilitating injuries and illnesses, including, back pain/ chronic lumbar syndrome, degenerative disc disease, and radiculopathy.

418133

15. As a result of her injuries and illnesses, since on or about April 17, 2013 Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

16. Commencing on or about October 15, 2013 following the applicable elimination period, the Plan Administrator, through United Healthcare, provided Plaintiff with Long-Term Disability Benefits.

17. On or about June 14, 2017 the Plan Administrator, and United Healthcare discontinued Plaintiff's disability benefits even though she remained disabled within the meaning of the Plan.

18. Plaintiff filed a timely appeal of the termination of her benefits in accordance with the Plan requirements.

19. On or about October 20, 2017, the Plan Administrator and United Healthcare denied Plaintiff's appeal.

20. There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

21. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

22. Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants are obligated to pay same.

23. Defendants have failed to keep their agreements and promises by refusing to pay beyond June 14, 2017, Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

24. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

## COUNT I
### (ERISA VIOLATION, 29 U.S.C.§1001 ET SEQ.)

25. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 24 inclusive, as if more fully set forth herein.

26. The Plan Administrator and United Healthcare are fiduciaries under ERISA and otherwise owe the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

418133

27. Since on or about June 14, 2017, Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

28. The Plan Administrator and United Healthcare terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

29. The denial of Plaintiff's disability benefits by the the Plan Administrator and United Healthcare constitute a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

30. United Healthcare has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

31. By virtue of the actions of the Plan Administrator and United Healthcare, the defendants have breached their fiduciary obligations.

WHEREFORE,  Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

## COUNT II
## (BREACH OF CONTRACT)

32. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 31, inclusive, as if more fully set forth herein.

33. By and through its practices, writings and oral assurances, upon which Plaintiff relied and for which she gave adequate consideration by continuing to work, the Employer, the Plan Administrator and United Healthcare created a contract with the Plaintiff.

34.  Said contract was a contract to provide certain disability benefits should Plaintiff ever became disabled.

418133

35. In refusing to pay Plaintiff's Long-Term Disability Benefits, the Plan Administrator and United Healthcare have breached the contract with Plaintiff causing her to suffer lost benefits under the contract.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

Plaintiff
By her Attorneys,
Law Office of Mark B. Morse, LLC

/s/ Mark B. Morse

_____

Mark B. Morse
RI Bar Reg No 3003
420 Angell Street, Suite 2
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
mark@morselawoffice.com